STATE OF NORTH CAROLINA v. THEODORE ROOSEVELT FREEMAN

No. 756SC678

(Filed 7 January 1976)

Forgery § 2— uttering forged check — aiding and abetting — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for forgery and uttering a forged check where such evidence tended to show that defendant aided and abetted another in the perpetration of the crime.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 16 April 1975 in Superior Court, HERTFORD County. Heard in the Court of Appeals 19 November 1975.

Defendant was charged with forgery and uttering a forged check in violation of G.S. 14-119. The jury found defendant not guilty of forgery and guilty of uttering a forged check in the

State v. McNeil

sum of $85.00 and from a judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Associate Attorney T. Lawrence Pollard for the State.*

*L. Frank Burleson, Jr., for defendant appellant.*

CLARK, Judge.

Defendant's contention that the trial court erred in denying his motion for nonsuit is without merit. Rosa Lee Spivey testified that she had been living with the defendant; that he could neither read nor write; that he suggested to her that she forge a check; that she prepared the check in his presence and told him the name of the payor, payee and the amount; that he took her to a store in his car and waited in the car while she went in and cashed it; and that she returned to the car with the money which they divided. Though defendant did not perpetrate the crime, the evidence tended to show that he aided and abetted Rosa Lee Spivey in doing so, and it was sufficient to withstand the motion for nonsuit. See *State v. Keller*, 268 N.C. 522, 151 S.E. 2d 56 (1966).

We have carefully examined the other assignments of error, and we find that defendant had a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.